The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR, in his official capacity as the Secretary of the United States Department of Health and Human Services,,<br><br>Defendants. | NO. 2:20-cv-01105-JLR<br><br>**NOTICE OF PENDENCY OF OTHER ACTION** |

Pursuant to Local Rule 3(h), Plaintiff State of Washington notifies the Court of actions currently pending in other jurisdictions or forums that involve all or a material part of the same subject matter of this case:

1. *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health and Human Svcs.*, Case No. 1:20-cv-01630 (JEB); United States District Court for the District of Columbia.

   Brief description of the action: *Whitman-Walker* plaintiffs are several individual and entity healthcare providers, two non-profit organizations that provide health-related services, and national associations of healthcare professionals. Plaintiffs allege that the Department of Health and Human Services' June 19, 2020 rule implementing Section 1557 of the Affordable Care Act

NOTICE OF PENDENCY OF OTHER ACTION
NO. 2:20-cv-01105-JLR

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

(Final Rule) violates the Administrative Procedures Act (APA), the Due Process and Equal Protection Clauses of the Fifth Amendment of the U.S. Constitution, and the Free Speech and Establishment Clauses of the First Amendment of the U.S. Constitution.

Statement of any relationship between the two actions: There is no relationship between *Whitman-Walker* and this matter, except that both actions request that the Final Rule be stayed or enjoined.

Statement of whether to transfer: Transfer should not be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) because the two actions involve different claims and different questions of fact regarding harm. The plaintiffs in *Whitman-Walker* and this matter are different. As such, *Whitman-Walker* is concerned with harm to the named individual and entity plaintiffs, whereas *Washington* is concerned with harm to the state of Washington, its agencies, and its residents. Further, the *Whitman-Walker* claims go beyond those that are alleged here. *Whitman-Walker* challenges the Final Rule's elimination of a unitary enforcement scheme that *Washington* does not; and *Whitman-Walker* brings claims that *Washington* does not, namely the Free Speech and Establishment Clause claims under the First Amendment of the U.S. Constitution.

Statement regarding whether coordination between the actions might avoid conflicts, conserve resources and promote an efficient determination of the action: Because the actions challenge different provisions of the Final Rule involve different claims and different types of harm, coordination would not avoid conflicts or conserve resources.

2. *Asapansa-Johnson Walker v. Azar II*, Case No. 1:20-cv-02834-FB-SMG; United States District Court for the Eastern District of New York.

Brief description of the action: Plaintiffs are two individuals. Plaintiffs allege that the Department of Health and Human Services' Final Rule violates the APA and the Equal Protection Clauses of the Fifth Amendment of the U.S. Constitution.

NOTICE OF PENDENCY OF OTHER ACTION
NO. 2:20-cv-01105-JLR

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Statement of any relationship between the two actions: There is no relationship between *Walker* and this matter, except that both actions request that the Final Rule be enjoined.

Statement of whether to transfer: Transfer should not be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) because the two actions involve different claims and different questions of fact regarding harm. *Walker* challenges only the provisions of the Final Rule that remove protections for LGBTQ persons. *Washington* challenges a broader set of provisions in the Final Rule, including the Final Rue's rollback of covered entities, LEP protections and more. Additionally, the plaintiffs in *Walker* and this matter are different. *Walker* is concerned with harm to the named individual plaintiffs, whereas *Washington* is concerned with harm to the state of Washington, its agencies, and its residents.

Statement regarding whether coordination between the actions might avoid conflicts, conserve resources and promote an efficient determination of the action: Because the actions challenge different provisions of the Final Rule and involve different claims and different types of harm, coordination between the actions would not avoid conflicts or conserve resources.

3. *BAGLEY v. U.S. Dep't of Health and Human Svcs.*, Case No. 1:20-cv-11297-PBS; United States District Court for the District of Massachusetts.

Brief description of the action: Plaintiffs are an individual, healthcare providers, and entities that provide services related to healthcare. Plaintiffs allege that the Department of Health and Human Services' Final Rule violates the APA and the Due Process and Equal Protection Clauses of the Fifth Amendment of the U.S. Constitution.

Statement of any relationship between the two actions: There is no relationship between *BAGLY* and this matter, except that both actions request that the Final Rule be enjoined. The plaintiffs in *BAGLY* and *Washington* are different, and *BAGLY* challenges provisions of the Final Rule that *Washington* does not, such as the Final Rule's elimination of a unitary enforcement scheme and required nondiscrimination notices.

NOTICE OF PENDENCY OF OTHER ACTION
NO. 2:20-cv-01105-JLR

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

Statement of whether to transfer: Transfer should not be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) because the two actions involve different claims and different questions of fact regarding harm. *BAGLY* is concerned with harm to the named individual and entity plaintiffs, whereas *Washington* is concerned with harm to the state of Washington, its agencies, and its residents.

Statement regarding whether coordination between the actions might avoid conflicts, conserve resources and promote an efficient determination of the action: Because the actions challenge different provisions of the Final Rule and involve different claims and different types of harm, coordination between the actions would not avoid conflicts or conserve resources.

4. *State of New York, et. al. v. U.S. Dep't of Health and Human Svcs.*, Case No. 1:20-cv-05583; United States District Court Southern District of New York.

Brief description of the action: Plaintiffs are 22 states and the District of Columbia. Plaintiffs allege that the Department of Health and Human Services' Final Rule violates the APA and the Due Process and Equal Protection Clauses of the Fifth Amendment of the U.S. Constitution.

Statement of any relationship between the two actions: There is no relationship between *New York* and this matter, except that both actions request that the Final Rule be enjoined because various provisions violate the APA and the Fifth Amendment. The plaintiffs in *New York* and *Washington* are different, *New York* challenges the Final Rule's elimination of a unitary enforcement scheme that *Washington* does not; and *Washington* challenges the provisions of the Final Rule that strip protections from discrimination on the basis of association with a member of a protected class that New York does not.

Statement of whether to transfer: Transfer should not be effected pursuant to 28 U.S.C. § 1407 (Multi District Litigation Procedures) because the two actions involve different claims and questions of fact regarding harm. Further, *New York* is concerned with harm to the plaintiff states, which are distinct from the specific harms alleged in *Washington* to that

NOTICE OF PENDENCY OF OTHER ACTION
NO. 2:20-cv-01105-JLR

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

state's agencies and residents. It would be inconvenient to the parties and witnesses to litigate in a different jurisdiction or forum.

<u>Statement regarding whether coordination between the actions might avoid conflicts, conserve resources and promote an efficient determination of the action</u>: Because the actions challenge different provisions of the Final Rule and involve different claims and different types of harm, coordination between the actions would not avoid conflicts or conserve resources.

DATED this 21st day of July, 2020.

Respectfully Submitted,

ROBERT W. FERGUSON
Attorney General

*s/ Neal Luna*
NEAL LUNA, WSBA No. 34085
MARSHA CHIEN, WSBA No. 47020
BRIAN SUTHERLAND, WSBA No. 37969
Assistant Attorneys General
Attorneys for Plaintiff State of Washington
Wing Luke Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Phone: (206) 464-7744
Marsha.Chien@atg.wa.gov
Neal.Luna@atg.wa.gov
Brian.Sutherland@atg.wa.gov

NOTICE OF PENDENCY OF OTHER ACTION
NO. 2:20-cv-01105-JLR

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744