UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, | CASE NO. C20-1105JLR |
| Plaintiff, | ORDER ON SUPPLEMENTAL BRIEFING |
| v. | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | |
| Defendants. | |

Before the court is Plaintiff State of Washington's ("Washington") motion for a

preliminary injunction.  (Mot. (Dkt. # 4).)  The court notes that Washington and

Defendant United States Department of Health and Human Services ("HHS") failed to

adequately address the following key issues in their briefing:

//

//

ORDER - 1

1    *First*, although Washington's motion challenges three separate portions of HHS's

2    rule on nondiscrimination in healthcare ("the 2020 Rule"),[1] the parties do not adequately

3    address Washington's standing to challenge each portion of the 2020 Rule.  Washington

4    challenges the following portions of the 2020 Rule:  (1) HHS's decision not to define the

5    terms "sex" or "on the basis of sex" in the 2020 Rule; (2) the 2020 Rule's incorporation

6    of a religious exemption; and (3) the 2020 Rule's construction of the scope of entities

7    covered by the rule.  (*See generally* Mot.)  Washington did not directly address standing

8    in its motion.  (*See generally id.*)  HHS raised broad standing objections in its opposition

9    to Washington's motion for a preliminary injunction but focused its arguments primarily

10   on whether Washington has standing to challenges to HHS's decision not to define "sex"

11   or "on the basis of sex" in the 2020 Rule.  (S*ee* Resp. (Dkt. # 56) at 5-11.)  On reply,

12   Washington offered two pages of argument in rebuttal to HHS's standing arguments.

13   (*See* Reply (Dkt. # 59) at 2-4.)

14       Because "[s]tanding is not dispensed in gross," *Davis v. FEC*, 554 U.S. 724, 734

15   (2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)), Washington "must

16   demonstrate standing for each claim [it] seeks to press" and for "each form of relief

17   sought," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  The parties have not

18   adequately addressed Washington's standing to challenge each of the foregoing three

19   parts of the 2020 Rule.  Thus, the court concludes that supplemental briefing on this topic

20   //

21

22       [1] *See* Nondiscrimination in Health & Health Education Programs or Activities,
Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020).

1    is necessary to ensure that the court can resolve any standing issues with the benefit of

2    fulsome arguments from both parties.

3        *Second*, the parties have not adequately addressed the applicability of *Chevron*

4    deference to HHS's interpretations of Section 1557 of the Affordable Care Act, 42 U.S.C.

5    § 18116.  *Chevron* instructs that "[w]hen a court reviews an agency's construction of the

6    statute which it administers, it is confronted with two questions."  *Chevron, U.S.A., Inc.*

7    *v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984).  "First, applying the ordinary

8    tools of statutory construction, the court must determine 'whether Congress has directly

9    spoken to the precise question at issue.  If the intent of Congress is clear, that is the end

10   of the matter; for the court, as well as the agency, must give effect to the unambiguously

11   expressed intent of Congress.'"  *City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 296

12   (2013) (quoting *Chevron*, 467 U.S. at 842-43).  But "if the statute is silent or ambiguous

13   with respect to the specific issue, the question for the court is whether the agency's

14   answer is based on a permissible construction of the statute."  *Chevron*, 467 U.S. at 843.

15       Both parties fail to clearly articulate how *Chevron* deference should apply to each

16   of the three portions of the 2020 Rule that Washington challenges.  Thus, the court

17   concludes that supplemental briefing on this topic is necessary to ensure that the court

18   can apply the appropriate level of deference to the 2020 Rule.

19       *Third*, the parties fail to adequately explain whether Washington will suffer

20   irreparable harm if the court fails to enjoin HHS's construction of the scope of covered

21   entities in the 2020 Rule.  "[P]laintiffs may not obtain a preliminary injunction unless

22   they can show that irreparable harm is likely to result in the absence of the injunction."

1   *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The parties

2   have made their positions clear on irreparable harm as applied to the 2020 Rule's

3   decision not to define "sex" or "on the basis of sex" and on the incorporation of a

4   religious exemption in the 2020 Rule.  (*See* Mot. at 20-23; Resp. at 22-23; Reply at

5   11-12.)  However, neither party directly addresses whether irreparable harm will result in

6   the absence of an injunction on HHS's construction of the scope of covered entities in the

7   2020 Rule.  Thus, the court concludes that supplemental briefing on this topic is

8   necessary to ensure that the court can adequately address irreparable harm.

9          For the foregoing reasons, the court ORDERS both parties to submit supplemental

10   briefing on the topics addressed above by 10:00 AM PDT on Monday, August 17, 2020.

11   Each party's brief shall not exceed 12 pages in length and shall otherwise comport with

12   Western District of Washington Local Civil Rule 7.  *See* Local Rules W.D. Wash. LCR 7.

13   There shall be no responsive briefing unless the court orders otherwise.

14          Dated this 14th day of August, 2020.

15

16

17   JAMES L. ROBART
     United States District Judge

18

19

20

21

22

ORDER - 4