UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>           Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT<br>OF HEALTH AND HUMAN<br>SERVICES, et al.,<br><br>           Defendants. | CASE NO. C20-1105 JLR<br><br>ORDER TO SHOW CAUSE |

Before the court is Plaintiff State of Washington's ("Washington") motion for a preliminary injunction. (Mot. (Dkt. # 4).) Washington challenges three provisions of a regulation promulgated by Defendants United States Department of Health and Human Services and Alex M. Azar (collectively "HHS") regarding nondiscrimination in healthcare ("the 2020 Rule"). *See* Nondiscrimination in Health & Health Education Programs or Activities, Delegation of Authority, 85 Fed. Reg. 37,160 (June 19, 2020). Specifically, Washington challenges: (1) HHS's decision not to define the terms "sex" or

ORDER - 1

1  "on the basis of sex" in the 2020 Rule; (2) the 2020 Rule's incorporation of a religious
2  exemption; and (3) the 2020 Rule's construction of the scope of entities covered by the
3  rule.  (*See generally* Mot. at 7-24.)  HHS disputes the merits of Washington's substantive
4  allegations (*see generally* Resp. (Dkt. # 56) at 11-22), but also challenges Washington's
5  standing to pursue its claims (*see generally id.* at 5-11).
6         On August 17, 2020, Judge Frederic Block in the United States District Court for
7  the Eastern District of New York issued an injunction against the 2020 Rule's decision
8  not to define "on the basis of sex."  (*See* Not. of Supp. Authority (Dkt. # 67-1) at 1-26
9  ("*Asapansa-Johnson Walker* Decision") (attaching copy of the Eastern District of New
10 York decision in *Asapansa-Johnson Walker v. Azar*, Case No. 20-2834FBS-MG
11 (E.D.N.Y. Aug. 17, 2020)).)  In that case, Judge Block concluded that two private
12 plaintiffs have standing to challenge that portion of the 2020 Rule.  (*Id.* at 14-18.)
13 Accordingly, on the merits, Judge Block concluded that the portion of the 2020 Rule that
14 chose not to define "on the basis of sex" violates the Administrative Procedure Act.  (*Id.*
15 at 19-25.)  Judge Block thus "stay[ed] the repeal of the 2016 definition of discrimination
16 on the basis of sex," and confirmed that "the definitions of 'on the basis of sex,' 'gender
17 identity,' and 'sex stereotyping' currently set forth in 45 C.F.R. § 92.4 will remain in
18 effect."  (*Id.* at 25.)  Judge Block also "preliminarily enjoin[ed] [HHS] from enforcing the
19 repeal" and noted that the stay and the injunction would remain in effect pending further
20 court order.  (*Id.* at 25-26.)
21        In this case, the court asked the parties at oral argument what impact, if any,
22 parallel litigation pending in other courts would have on this case.  However, at that time,

"on the basis of sex" in the 2020 Rule; (2) the 2020 Rule's incorporation of a religious exemption; and (3) the 2020 Rule's construction of the scope of entities covered by the rule.  (*See generally* Mot. at 7-24.)  HHS disputes the merits of Washington's substantive allegations (*see generally* Resp. (Dkt. # 56) at 11-22), but also challenges Washington's standing to pursue its claims (*see generally id.* at 5-11).

On August 17, 2020, Judge Frederic Block in the United States District Court for the Eastern District of New York issued an injunction against the 2020 Rule's decision not to define "on the basis of sex."  (*See* Not. of Supp. Authority (Dkt. # 67-1) at 1-26 ("*Asapansa-Johnson Walker* Decision") (attaching copy of the Eastern District of New York decision in *Asapansa-Johnson Walker v. Azar*, Case No. 20-2834FBS-MG (E.D.N.Y. Aug. 17, 2020)).)  In that case, Judge Block concluded that two private plaintiffs have standing to challenge that portion of the 2020 Rule.  (*Id.* at 14-18.)  Accordingly, on the merits, Judge Block concluded that the portion of the 2020 Rule that chose not to define "on the basis of sex" violates the Administrative Procedure Act.  (*Id.* at 19-25.)  Judge Block thus "stay[ed] the repeal of the 2016 definition of discrimination on the basis of sex," and confirmed that "the definitions of 'on the basis of sex,' 'gender identity,' and 'sex stereotyping' currently set forth in 45 C.F.R. § 92.4 will remain in effect."  (*Id.* at 25.)  Judge Block also "preliminarily enjoin[ed] [HHS] from enforcing the repeal" and noted that the stay and the injunction would remain in effect pending further court order.  (*Id.* at 25-26.)

In this case, the court asked the parties at oral argument what impact, if any, parallel litigation pending in other courts would have on this case.  However, at that time,

1  Judge Block's injunction had not yet been entered against HHS.  Accordingly, the court

2  ORDERS the parties to show cause regarding the impact, if any, that the *Asapansa-*

3  *Johnson Walker* injunction against HHS has on Washington's motion for a preliminary

4  injunction.  Specifically, the court directs the parties to separately address the impact of

5  that injunction on Washington's challenges to (1) the 2020 Rule's decision not to define

6  "sex" or "on the basis of sex"; and (2) the 2020 Rule's religious exemption and its

7  construction of the scope of covered entities.  The parties should specifically address

8  whether the *Asapansa-Johnson Walker* court's statement that it "preliminarily enjoins

9  [HHS] from enforcing the repeal" (*see Asapansa-Johnson Walker* Decision at 25-26)

10 impacts the court's authority to consider HHS's standing arguments or the merits of

11 Washington's motion for a preliminary injunction.[1]

12         Both parties shall submit their responses to this order to show cause by 5:00 p.m.

13 PDT on Wednesday, August 26, 2020.  Each party's brief shall not exceed 16 pages in

14 length and shall otherwise comport with Western District of Washington Local Civil Rule

15 7.  *See* Local Rules W.D. Wash. LCR 7.  There shall be no responsive briefing unless the

16 court orders otherwise.  If the United States District Court for the District of Columbia

17 issues an order in *Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health and Human Svcs.*,

---

[1] The court advises the parties that, in issuing this order, the court takes no position on Washington's standing to pursue a preliminary injunction and the questions HHS has raised regarding Washington's evidence that the 2020 Rule will cause an injury in fact.  Although the court notes that the private plaintiffs in *Asapansa-Johnson Walker* stand in different shoes than Washington does in this case, if the parties believe that *Asapansa-Johnson Walker* impacts the standing analysis, the parties should include argument on that topic in their responses to this order.

1  Case No. 1:20-cv-01630 (JEB), before the parties' responses to the court's order to show
2  cause become due, the court directs the parties to provide analysis on the impact of that
3  decision in their responses to this order.

4  Dated this 18 day of August, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER - 4